NO. 07-02-0089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 1, 2002

_____

RODRIGO RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 94,2210-E; HON. GENE L. DULANEY, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Appellant, Rodrigo Rodriguez, appeals from a judgment revoking his community supervision, adjudicating his guilt, and sentencing him to prison for ten years. Sentence was pronounced in open court on November 12, 2001. Thus, the appellate record was due by March 19, 2002. TEX. R. APP. P. 35.2(a). Neither the clerk's record nor the reporter's record has been received. Furthermore, according to the reporter, the record has not been developed because: 1) he has not received a request from the appellant to

develop the record; 2) he has not received payment; 3) appellant has not made arrangements to pay for same; and, 4) he did not receive a copy of the notice of appeal.

Accordingly, we now abate this appeal and remand the cause to the 106th District Court of Lynn County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether counsel has been appointed to prosecute this appeal;

4. if counsel has not been appointed, whether appellant is entitled to appointed counsel; and

5. whether the appellant is entitled to the preparation of a free appellate record.

The trial court shall cause the hearing to be transcribed. Furthermore, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues and disclosing the name, address, state bar number, and telephone and fax numbers of newly appointed counsel, if any. The district court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter, and 2) a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before May 1, 2002. Should

2

further time be needed by the trial court to perform these tasks, then same must be requested before May 1, 2002.

It is so ordered.

Per Curiam

Do not publish.